# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ROBERT MARTINEZ,<br>　　　*Plaintiff*<br><br>v.<br><br>MARTIN O'MALLEY, ACTING<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>　　　*Defendant* | §§§§§§§§§§ CIVIL NO. 1:24-CV-00369-RP-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act (Dkt. 13) and Memorandum in Support (Dkt. 14), both filed August 29, 2024.[1]

### I.   Background

Plaintiff Robert Martinez filed suit challenging the Social Security Administration decision that he is not disabled within the meaning of the Social Security Act. Dkt. 6. Plaintiff argued that the Administrative Law Judge's decision was not supported by substantial evidence and did not apply the proper legal standards. In response, Defendant filed an unopposed motion to reverse and remand this action to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 11. On August 20, 2024, the Court granted Defendant's Motion and reversed and remanded the case under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security to conduct further administrative proceedings. Dkt. 12.

---

[1] The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. 13. Plaintiff requests $7,901.25 in attorney's fees, based on 36.75 hours of services rendered on his behalf at a rate of $215.00 per hour, and no costs. Defendant does not oppose the fee request.

## II. Analysis

Under the "American Rule," each party ordinarily bears its own attorney's fees unless Congress has explicitly authorized otherwise. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The EAJA grants such authorization, providing that "a court shall award to a prevailing party" attorney's fees and expenses in a civil action against the United States. 28 U.S.C. § 2412(d)(1)(A); *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019). Once a plaintiff establishes that he is a prevailing party "whose net worth did not exceed $2,000,000 at the time the civil action was filed," § 2412(d)(2)(B), "the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust." *W.M.V.C.*, 926 F.3d at 208 (quoting *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988)).

A party who obtains a remand in a Social Security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (per curiam); *see also Martinez-Nieves v. Saul*, No. SA-20-CV-00538-ESC, 2021 WL 2292803, at *1 (W.D. Tex. June 4, 2021). A fee award under the EAJA is to be paid directly to the plaintiff but can be mailed to plaintiff's counsel. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

The Court has thoroughly reviewed the fee request and billing records submitted in support of the fee request and agrees that the number of hours billed and the hourly rate are reasonable. Dkt. 14-2. The Court recommends that Plaintiff's request for attorney's fees should be granted.

### III. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff's Unopposed Application for Attorney's Fees Under the Equal Access to Justice Act (Dkt. 13).

The Court **FURTHER RECOMMENDS** that the District Court **ORDER** the Commissioner to remit to Plaintiff's counsel a check made payable to "Robert Martinez" for attorney's fees in the amount of $7,901.25, pursuant to 28 U.S.C. § 2412(d)(1)(A). The check may be mailed to Plaintiff's counsel, at Jennifer Dunn, Dunn Law, PPC, 890 Winter Street, Suite 230, Waltham, MA 02451.

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 16, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE